IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PERLMUTTER, ET AL.            :
                              :        CIVIL ACTION
        v.                    :
                              :        NO. 21-5018
TRINA & JEFFREY VARONE, ET AL.   :

**MEMORANDUM**

**SURRICK, J.**                        **DECEMBER 29, 2021**

Presently before the Court is Plaintiffs Dawn Perlmutter's and Thomas Bolick's Motion For Preliminary Injunction Against Defendants Trina Varone And Sutton Investments LLC (ECF No. 5) and Defendants Trina Varone's, Jeffrey Varone's, and Sutton Investments LLC's Response in Opposition thereto (ECF No. 9). For the following reasons, Plaintiffs' Motion will be denied.

## I.    BACKGROUND

This case stems from the probate of decedent Joan Sutton's will in Maryland. Ms. Sutton was the mother of both Plaintiff Perlmutter and Defendant Trina Varone. Dissatisfied with the outcome of the probate, Plaintiffs Perlmutter and Bolick have unsuccessfully pursued numerous challenges in both state and federal courts over the last ten years.[1] Within the last two months,

---

[1] "Suffice to say that Perlmutter has litigated unsuccessfully the same claims for more than a decade, in seven different lawsuits filed in federal and state courts." *Dawn Perlmutter, et al. v. Trina Varone, et al.*, No. 19-cv-3402, ECF No. 56 (D. Md. Oct. 26, 2021). *See also Perlmutter v. Varone*, No. 422551V, 2020 WL 6707829, at *1 (Md. Ct. Spec. App. Nov. 16, 2020) (per curiam) (documenting the litigation history). These lawsuits include (i) cases in Montgomery County, Maryland: *Dawn Perlmutter v. Trina Varone*, No. 343697-V (2011) and Dawn Perlmutter v. Scott Perlmutter, Case No. 422551-V (2016); (ii) in Federal District Court in Washington, D.C.: *Dawn Perlmutter, et al. v. Trina and Jeffrey Varone, et al.*, 59 F. Supp. 3d 107 (D.D.C. 2014); (iii) in the U.S. District Court for the District of Maryland: *Dawn Perlmutter, et al. v. Trina Varone*, No. 14-cv-2566 and *Dawn Perlmutter, et al. v. Trina Varone, et al.*, No.

two separate federal district courts and one state court have joined all prior tribunals in finding

that Plaintiffs' claims are meritless.  *See Dawn Perlmutter, et al. v. Trina Varone, et al.*, No. 19-

cv-3402, ECF No. 56 (D. Md. Oct. 26, 2021); *Sutton Investments LLC v. Dawn Perlmutter, et

al.*, No. 21-cv-3226, ECF No. 10 (D.D.C. Dec. 22, 2021); *Dawn Perlmutter v. Jeffrey Varone*,

No. 2020-01609 (Pa. Com. Pl. Ct. Bucks County Oct. 26, 2021).  After having its judgment

affirmed by the Fourth Circuit and receiving yet another motion for reconsideration from

Plaintiffs, the District Court in Maryland wrote:

> "[Plaintiffs'] motions also represent precisely the kind of vexatious litigation that
> merits stiff sanction.  This Court has previously warned Plaintiffs that their claims
> and arguments have been patently frivolous.  ECF No. 45.  Yet the Plaintiffs
> continue to consume judicial time and resources with another round of equally
> meritless motions.  Accordingly, this Court expressly cautions Plaintiffs that if they
> continue to file similar motions, the Court will be left with no choice but to enter a
> prefiling injunction, which will direct the Clerk not to accept any future filings from
> Plaintiffs absent advance permission from this Court."

*Perlmutter*, No. 19-cv-3402, ECF No. 56 at 2 (D. Md. Oct. 26, 2021).

In addition to the lawsuits discussed above, Plaintiffs have recorded multiple notices of

lis pendens against property owned by Defendants in Washington, D.C.  *Sutton Investments LLC

v. Dawn Perlmutter, et al.*, No. 21-cv-3226, ECF No. 10 at 4 (D.D.C. Dec. 22, 2021).  Most

recently, Plaintiffs recorded a notice of lis pendens against Defendants' property on November

15, 2021, based on the Complaint that they filed in this Court on the same day.  *Id.* at 4-5.  The

notices of lis pendens are an attempt by Plaintiffs to prevent Defendants' scheduled sale of their

property for over $10,000,000 on December 30, 2021.  *Id.* at 4, 8.  After finding that Defendant

Sutton Investments demonstrated a substantial likelihood of success on the merits in the

---

19-cv-3402; and (iv) in the Common Pleas Court of Bucks County, Pennsylvania:  *Dawn
Perlmutter v. Trina Varone*, No. 2020-01612 (2020) (currently on appeal before the
Pennsylvania Superior Court at 2440 EDA 2021).

underlying action pending before this Court, the District Court in D.C. canceled Plaintiffs' notice of lis pendens on December 22, 2021.  *Id.* at 8.  In addition, the D.C. District Court entered a temporary restraining order prohibiting Perlmutter, Bolick, or their agents from "recording, or attempting to record, any notice of lis pendens against the Sutton Investments LLC's property without first seeking leave of the Court."  *Id*. at ECF No. 11.  One day prior to the D.C. District Court's Order, Plaintiffs filed their Motion for Preliminary Injunction in this Court.  Plaintiffs seek an injunction prohibiting Defendants from selling the same property for which the D.C. Court canceled Plaintiffs' notice of lis pendens and prohibited them from recording additional notices without prior judicial approval.  (Pls.' Mot. for Prelim. Inj. at ¶ 1, ECF No. 5.)

In addition to restating their claims from prior lawsuits in other jurisdictions, Plaintiffs assert that they have been denied "any defense of their rights in Pennsylvania."  (*Id.* at ¶ 5.) Plaintiffs make this assertion despite the fact that they have an appeal pending before the Superior Court of Pennsylvania on an adverse decision from the Bucks County Court of Common Pleas.  *See Perlmutter, D. v. Sutton Invest.*, No. 2440 EDA 2021 (filed on Nov. 23, 2021, and docketed in the Superior Court on Dec. 7, 2021).  Pursuant to the Order of Judge Bowman in the Bucks County case, "Plaintiffs are **BARRED** from pursuing additional *pro se* litigation against the Defendants named in this action raising the same, similar, or related claims without first obtaining leave of Court."  *Dawn Perlmutter v. Jeffrey Varone*, No. 2020-01609 (Pa. Com. Pl. Ct. Bucks County Oct. 26, 2021).

Notwithstanding the prior judicial admonitions against frivolous filings, Plaintiffs now try their luck here in the Eastern District of Pennsylvania, asserting the same claims against the same Defendants.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions.  Preliminary

injunctive relief "is not granted as a matter of right."  *Kershner v. Mazurkiewicz*, 670 F.2d 440,

443 (3d Cir. 1982).  Rather, a "preliminary injunction is an extraordinary and drastic remedy,

one that should not be granted unless the movant, by a clear showing, carries the burden of

persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted).  "A

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest."  *Winter v. NRDC, Inc.*,

555 U.S. 7, 20 (2008).  "The first two factors are prerequisites for a movant to prevail."  *Holland*

*v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018).  "If these gateway factors are met, a court then

considers the remaining two factors and determines in its sound discretion if all four factors,

taken together, balance in favor of granting the requested preliminary relief."  *Reilly v. City of*

*Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).  "A plaintiff's failure to establish any element in

its favor renders a preliminary injunction inappropriate."  *Nutrasweet Co. v. Vit-Mar Enters.*, 176

F.3d 151, 153 (3d Cir. 1999).

## III.    DISCUSSION

Plaintiffs effectively ask this Court to undo the recent decision of the District Court in

D.C., in addition to the judgments of the many courts that have heard Plaintiffs' claims before.

The prior notices of lis pendens and the present request for a preliminary injunction have the

same purpose of trying to block the scheduled sale of property by Sutton Investments, LLC.

Plaintiffs' patently frivolous attempt to have this Court undo the adverse decisions of other

federal district courts and state courts will be denied.

4

The District of D.C. Court found that Defendant Sutton Investments established a substantial likelihood of success on the merits in the matter now before this Court for two reasons. *Sutton Investments LLC*, No. 21-cv-3226, ECF No. 10 at 8 (D.D.C Dec. 22, 2021).  The first is that this Court "almost certainly" lacks personal jurisdiction over Defendants. *Id.*  The second is because numerous courts have issued final judgements on the same claims now before this Court, and "the principles of res judicata therefore likely render the pending action meritless." *Id*.  We agree with the D.C. District Court on both points.

Defendants Trina Varone and Jeffrey Varone do not live in Pennsylvania or own property in Pennsylvania.  They are residents of Maryland.  Sutton Investments LLC is a Maryland limited liability company that has no contacts with Pennsylvania.  In addition, the property that is the subject of Plaintiffs' Motion for Preliminary Injunction is in Washington, D.C.  As outlined above, all the state and federal courts that have considered Plaintiffs' claims have rejected them.  In addition to rejecting Plaintiffs' arguments, several have stated that Plaintiffs are vexatious litigants and have warned Plaintiffs against further filings.  For these reasons, we agree with the District Court in D.C. that we almost certainly lack personal jurisdiction over Defendants and that principles of res judicata bar Plaintiffs' claims and request for injunctive relief.

Because Plaintiffs cannot establish a likelihood of success on the merits, we will deny Plaintiffs' Motion for Preliminary Injunction.  Furthermore, we join prior courts in warning Plaintiffs that wasting judicial resources by pursuing frivolous claims that have been heard and decided by multiple courts is sanctionable conduct.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Preliminary Injunction is denied.  An appropriate Order follows.

**BY THE COURT:**

*R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**