IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERLMUTTER, ET AL. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 21-5018 |
| TRINA & JEFFREY VARONE, ET AL. | : | |

MEMORANDUM

**SURRICK, J.**                                                                                   **MAY 6, 2022**

Presently before the Court is the Government's Motion for Pre-Filing Injunction (ECF No. 24) and Plaintiffs' response in opposition thereto (ECF No. 27). For the following reasons, the Government's Motion will be granted as to all Defendants.

**I.    BACKGROUND**

It appears that Plaintiffs' litigation strategy is: if at first you don't succeed, then try a new court. Indeed, there have been many prior decisions on the same claims now before this Court.[1] After each adverse outcome, Plaintiffs make unsupported accusations of judicial

---

[1] "Suffice to say that Perlmutter has litigated unsuccessfully the same claims for more than a decade, in seven different lawsuits filed in federal and state courts." *Dawn Perlmutter, et al. v. Trina Varone, et al.*, No. 19-3402, ECF No. 56 at 2 (D. Md. Oct. 26, 2021). *See also Perlmutter v. Varone*, No. 1652 Sept. Term 2019, 2020 WL 6707829, at *1-2 (Md. Spec. App. Nov. 16, 2020) (noting that Court of Special Appeals of Maryland previously rejected Plaintiffs' allegations that the Varones committed fraud with respect to Ms. Sutton's will and documenting the litigation history) (citing *Perlmutter v. Varone*, No. 2127 Sept. Term 2016, at *3-5 (Md. Spec. App. March 5, 2018)). These lawsuits include (i) cases in Montgomery County, Maryland: *Dawn Perlmutter v. Trina Varone*, No. 343697-V (2011) and *Dawn Perlmutter v. Scott Perlmutter*, Case No. 422551-V (2016); (ii) in Federal District Court in Washington, D.C.: *Dawn Perlmutter, et al. v. Trina and Jeffrey Varone, et al.*, 59 F. Supp. 3d 107 (D.D.C. 2014); (iii) in the U.S. District Court for the District of Maryland and appeals to the Fourth Circuit: *Perlmutter v. Verone* (sic), No. 14-2566, 2015 WL 4757183 at *1-2 (D. Md. Aug. 11, 2015); *Perlmutter v. Varone*, 645 F. App'x 249, 250-51 (4th Cir. 2016) (affirming district court's decisions to dismiss Perlmutter's and Bolick's complaint and deny their motion for reconsideration); *Dawn Perlmutter, et al. v. Trina Varone, et al.*, No. 19-3402, ECF No. 56 at 1-

corruption. Plaintiffs continue this approach here, despite being subject to a pre-filing injunction in state court and being warned of the same by a federal court. Because Plaintiffs have received numerous decisions on their claims, and because their continued meritless filings consume valuable judicial resources, the Government's request for a pre-filing injunction will be granted. The pre-filing injunction will apply to all Defendants in this case.

This case stems from the probate of decedent Joan Sutton's will in Maryland. Ms. Sutton was the mother of Plaintiff Perlmutter and Defendant Trina Varone. Dissatisfied with the outcome of the probate, Plaintiffs Perlmutter and Bolick have unsuccessfully pursued numerous challenges in both state and federal courts over the last ten years. *See supra* n. 1. Within the last seven months, two federal district courts and one state court have joined all prior tribunals in finding that Plaintiffs' claims are meritless. *See Dawn Perlmutter, et al. v. Trina Varone, et al.*, No. 19-cv-3402, ECF No. 56 (D. Md. Oct. 26, 2021); *Sutton Investments LLC v. Dawn Perlmutter, et al.*, No. 21-cv-3226, ECF No. 10 (D.D.C. Dec. 22, 2021); *Dawn Perlmutter v. Jeffrey Varone*, No. 01609-2020 (Pa. Com. Pl. Ct. Bucks County Oct. 26, 2021).

On February 15, 2022, this Court ordered Plaintiffs to show cause within twenty-one days as to why their pattern of conduct does not justify a tailored pre-filing injunction. (ECF No. 25.) Plaintiffs responded to the Court's Order to Show Cause on February 22, 2022. (ECF No. 27.)

This will not be the first pre-filing injunction issued against Plaintiffs. *See Perlmutter v. Varone*, No. 422551-V, Doc. No. 35 (Montgomery, Md. Circ. Ct. Sept. 22, 2016) (stating that

---

2 (D. Md. Oct. 26, 2021); *Perlmutter v. Varone*, 848 F. App'x 148, 149 (4th Cir. 2021) (affirming district court's dismissal of Perlmutter's and Bolick's complaint and denial of their motions for reconsideration and recusal); and (iv) in the Common Pleas Court of Bucks County, Pennsylvania: *Dawn Perlmutter v. Trina Varone*, No. 01609-2020 (currently on appeal before the Pennsylvania Superior Court at 2440 EDA 2021).

the court "deems Plaintiffs to be vexatious litigants" and would issue sanctions if Plaintiffs filed "any motion, petition or proceeding against any of Defendants Trina Varone, Jeffrey Varone[.]"); *see also Perlmutter et al. v. Varone et al.*, No. 2020-01609 (Ct. Com. Pl. Bucks county, Apr. 1, 2020) (ordering Plaintiffs' claims dismissed, and stating, "Plaintiffs are BARRED from pursuing additional pro se litigation against the Defendants named in this action raising the same, similar, or related claims without first obtaining leave of Court."). Plaintiffs were also warned by a federal district court in Maryland that their conduct would lead to a pre-filing injunction. *See Perlmutter*, No. 19-3402, ECF No. 56 at 2 (D. Md. Oct. 26, 2021) ("[T]his Court expressly cautions Plaintiffs that if they continue to file similar motions, the Court will be left with no choice but to enter a prefiling injunction . . ."). One month after that warning, Plaintiffs filed the case now before this Court.

We previously warned Plaintiffs that their conduct was sanctionable. (ECF No. 10 at 5.) Plaintiffs responded to our warning by filing a lengthy amended complaint and an additional motion. (ECF Nos. 13 and 28.) The additional motion was filed *after* this Court's Order to Show Cause as to why we should not issue a pre-filing injunction. (ECF No. 28.)

**II.    LEGAL STANDARD**

Under the All Writs Act, 28 U.S.C. § 1651, a District Court can enjoin a litigant from future filings "to preclude abusive, groundless and vexatious litigation." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982); *see also Matter of Packer Ave. Associates*, 884 F.2d 745, 747-48 (3d Cir. 1989); *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). Though pre-filing injunctions "should be narrowly tailored and sparingly used," they are an appropriate remedy for "a litigant who has repeatedly filed complaints alleging claims that have already been fully litigated." *Matter of Packer Ave. Assocs.*, 884 F.2d at 746. Pro se litigants are no

exception. *In re Oliver*, 682 F.2d at 445-46 (finding that the record appeared to justify a prefiling injunction against a pro se plaintiff, provided that the plaintiff had the opportunity to oppose the injunction before it was entered); *see also Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) ("[A] District Court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements . . . "); *Danihel v. Off. of the President*, No. 14-6880, 2015 WL 1954269, at *1 (E.D. Pa. Apr. 29, 2015), *aff'd sub nom. Danihel v. Off. of President*, 640 F. App'x 185 (3d Cir. 2016) (enjoining a pro se plaintiff from "commencing any new civil matters against the named Defendants that relates to the subject matter of this action"); *Jaye v. Shipp*, No. 17-5257, 2018 WL 2278100, at *1 (D.N.J. May 18, 2018) (entering a pre-filing injunction against a pro se litigant to prevent "abuse of the system and futile expense, as Defendants are forced to repeatedly defend against ultimately frivolous lawsuits").

      A pre-filing injunction must meet three requirements: "(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case." *Grossberger*, 535 F. App'x at 86 (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).

### III.   DISCUSSION

      All three requirements are satisfied here. As the Government notes, numerous courts have dismissed Plaintiffs' claims, yet Plaintiffs again file the same claims. Dismissal is not enough.

      Pre-filing injunctions that prohibit a plaintiff from relitigating claims are justified by "[t]he interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets." *In re Oliver*, 682 F.2d at

445. Plaintiffs' conduct in various courts implicates each of these justifications. Furthermore, no one "is entitled to abuse the judicial process." *In re Oliver*, 682 F.2d at 446 (quoting *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)). *See also In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.").

Plaintiffs have continually abused the judicial process. *See, e.g., Perlmutter*, No. 14-2566, 2015 WL 4757183 at *1 ("After failing to receive the results they wanted in state court, Plaintiffs are trying again before this Court."); *see also* n. 1, *supra*. This Court and others have warned Plaintiffs about their conduct, including the specific consequence of a pre-filing injunction. (ECF No. 10 at 5; ECF No. 25.) *See also Perlmutter et al. v. Varone et al.*, No. 2020-01609 (Ct. Com. Pl. Bucks county, Apr. 1, 2020). A Maryland state court has already entered a pre-filing injunction against Plaintiffs. *See Perlmutter v. Varone*, No. 422551V, Doc. No. 35 (Montgomery, Md. Circ. Ct. Sept. 22, 2016). Following the Government's request, we entered an order to show cause and provided Plaintiffs an opportunity to oppose a pre-filing injunction. (ECF No. 25.) Plaintiffs' opposition was unconvincing.

Much of Plaintiffs' response is difficult to discern, but the central arguments—repeated within this filing and all others—are as follows: Plaintiffs argue that the Government's proposed pre-filing injunction is based on a "false narrative of facts." Plaintiffs dispute that they are vexatious litigants, and they assert that the Government's argument for a pre-filing injunction relies on "void judgments" by courts in other jurisdictions. Those judgments are supposedly void because they are the result of "fraud on the court," though Plaintiffs offer nothing to support

their fraud argument.  Plaintiffs also rehash their claims with respect to the administration of decedent Joan Sutton's will.  These are precisely the allegations that have been heard and decided by other courts.  *See, e.g., Perlmutter v. Varone* (sic), No. 14-2566, 2015 WL 4757183 at *2 (D. Md. Aug. 11, 2015) ("Plaintiffs' federal complaint is largely, if not entirely, a rehash of the allegations presented in their previous state cases.").  Finally, Plaintiffs object to the Varones' attempt to collect a judgment against Plaintiffs in Pennsylvania state court.

Plaintiffs assert that the Court should deny the pre-filing injunction because there are "new facts" at issue here.  The Court has read Plaintiffs' filings and cannot find anything new beyond bare allegations of bribery directed at the most recent federal judge to hear their claims.  For example, Plaintiffs state that Defendants "Trina and Jeffrey Varone have bribed Judge Denise M[.] Bowman causing her to ignore[e] the Rule of Law[.]"  (Pls.' Am. Compl. at 3.)  Other than this unsupported accusation, there is nothing new in this case.  And to the extent Plaintiffs take issue with the Varones' attempt to collect a judgment against them in Pennsylvania, Plaintiffs can press that argument in their pending appeal in Pennsylvania Superior Court.  *See Perlmutter, D. v. Sutton Invest.*, No. 2440 EDA 2021 (filed on Nov. 23, 2021, and docketed in the Superior Court on Dec. 7, 2021).

Finally, the injunction is narrowly tailored.  It is restricted to the allegations that Plaintiffs have litigated many times before federal and state courts—essentially disagreement over the distribution of Joan Sutton's estate, and the related, though baseless, allegations of bribery and judicial corruption.  *See Matter of Packer Ave. Associates*, 884 F.2d at 745, 748-49 (finding that an injunction tailored to claims that have been "fully litigated and decided" was appropriate); *see also Danihel*, 640 F. App'x at 190-91 (finding a pre-filing injunction narrowly tailored when it was restricted to the subject matter of the present case and the same defendants).  Here, the pre-

filing injunction is narrowly tailored to claims that have been fully litigated and decided.  It is also limited to the same Defendants that Plaintiffs have repeatedly dragged into court.  Furthermore, a nationwide injunction is appropriate because Plaintiffs have filed frivolous suits in multiple districts.  *See, e.g., Day v. Toner*, 549 F. App'x 66, 67 (3d Cir. 2014) (affirming a nationwide pre-filing injunction against a pro se litigant who "ha[d] a history of vexatious and abusive litigation," and who filed suit in the District of Delaware "in an apparent attempt to avoid sanctions imposed against him by the Middle District of Florida").  Like the vexatious litigant in *Day*, Plaintiffs filed in this Court one month after a federal district court in Maryland warned of a pre-filing injunction.  *Perlmutter*, No. 19-cv-3402, ECF No. 56 at 2.  Plaintiffs' disregard for past judicial admonitions necessitates this nationwide pre-filing injunction.

**IV.   CONCLUSION**

For the foregoing reasons, the Government's Motion for Pre-Filing Injunction is granted as to all Defendants.  An appropriate Order follows.

                                            **BY THE COURT:**

                                       */s/ R. Barclay Surrick*
                                       **R. BARCLAY SURRICK, J.**